**UNITED STATES COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.:

ANTONIO MONTANI,

      Plaintiff,

vs.

EMS PROTECTIVE GROUP LLC, a Florida
Limited Liability Company, and
EMANUEL MOONAN,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTONIO MONTANI ("Mr. Montani" or "Plaintiff"), by and through the undersigned attorneys, sue Defendants, EMS PROTECTIVE GROUP LLC ("EMS PROTECTIVE"), and EMANUEL MOONAN ("Mr. Moonan") (collectively, "Defendants"), and allege the following:

## GENERAL ALLEGATIONS

1.      This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2.      Plaintiff, Mr. Montani, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

3.      Defendant, EMS PROTECTIVE, is a limited liability company, with its principal place of address at 1451 West Cypress Creek, Suite 300, Fort Lauderdale, FL 33309, and within the jurisdiction of this Court.

4.      At all times material hereto, EMS PROTECTIVE operated as a private security firm.

5.      Defendant, Mr. Moonan, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

6.      At all times material hereto, Mr. Moonan was the President of EMS PROTECTIVE and was responsible for its daily operations, including all payroll practices and decisions.

7.      Mr. Moonan approved and ratified all unlawful payroll policies, practices, and procedures transgressing the requirements of the FLSA mentioned herein.

8.      At all times material hereto, Plaintiff was employed by EMS PROTECTIVE and Mr. Moonan.

9.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

10.     Upon information and belief, EMS PROTECTIVE's gross annual revenues were in excess of $500,000.00 per year in the years 2016, 2017, and 2018, and will exceed the same in 2019.

11.      At all relevant times, EMS PROTECTIVE has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, EMS PROTECTIVE (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years 2016 - 2019. EMS PROTECTIVE has employed and/or continues to employ "employee[s]," including Plaintiff, who themselves handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

12.     Therefore, based on the aforementioned, EMS PROTECTIVE was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

13.     At all times material hereto, Plaintiff, in performing his job duties, was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a) and 207(a).

14.     Mr. Montani was employed by EMS PROTECTIVE in the area of general labor until July, 2019. As such, for purposes of this lawsuit, Mr. Montani is entitled to a look-back time period of October 30, 2016 – July, 2019.

15.     At all times pertinent to the Complaint, Defendants failed to comply with §§ 29 U.S.C. 201- 219 as Plaintiff performed hours of service for EMS PROTECTIVE in excess of forty (40) hours during one or more workweeks, for which EMS PROTECTIVE failed to properly pay additional overtime premiums.

16.     Rather than properly pay Plaintiff overtimes wages, as is mandated by law, EMS PROTECTIVE failed to pay Plaintiff for the overtime hours that he worked.

17.     Plaintiff was not exempt from the right to receive the appropriate overtime pay under the FLSA.

18.     Rather, Plaintiff solely performed non-exempt work, that is, Plaintiff's primary duties consisted of general labor and other non-supervisory roles.

19.     Plaintiff was not free from supervision in connection with matters of significance such as project management or operations. Moreover, Plaintiff did not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

20.     Upon information and belief, Defendants further failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

21.     The pay practice on the part of Defendants violated the FLSA as Defendants failed to properly pay overtime to Plaintiff for those hours worked in excess of forty (40).

22.     Since 2016, Defendants (1) employed Plaintiff; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Plaintiff in excess of forty (40) during one or more workweeks, for which EMS PROTECTIVE failed to properly pay additional overtime premiums.

## COUNT I
## RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207
## ON BEHALF OF ANTONIO MONTANI AGAINST ALL DEFENDANTS

23.     ANTONIO MONTANI re-alleges and reaffirms paragraphs 1 through 22 as if fully set forth herein.

24.     This is an action for Unpaid Overtime on behalf of Mr. Montani against all Defendants.

25.     During Mr. Montani's employment with EMS PROTECTIVE, he worked hours in excess of forty (40) for which he was not properly compensated.

26.     Mr. Montani was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

27.     Mr. Montani was never paid overtime for the hours he worked for EMS PROTECTIVE, from October 30, 2016 through the last date of his employment with EMS PROTECTIVE.

28.     Mr. Montani was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendants have failed and refused to do so.

29.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by EMS PROTECTIVE's failure to pay Mr. Montani time and one-half wages for the hours he worked in excess of forty (40) hours per week when Defendants knew or should

have known such was due. Rather, EMS PROTECTIVE attempted to intentionally skirt federal law.

30.    Defendants failed to properly disclose or apprise Mr. Montani of his rights under the FLSA.

31.    Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Montani.

32.    Mr. Montani is entitled to liquidated damages pursuant to the FLSA.

33.    Due to the intentional, willful, and unlawful acts of EMS PROTECTIVE, Mr. Montani has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

34.    Mr. Montani is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

35.    Mr. Montani demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, ANTONIO MONTANI, respectfully requests that a judgment be entered against Defendants, EMS PROTECTIVE GROUP LLC, and EMANUEL MOONAN:

    a.    Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Mr. Montani overtime compensation in the amount to be calculated;

    c.    Awarding Mr. Montani liquidated damages in the amount to be calculated;

    d.    Awarding Mr. Montani reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Mr. Montani pre- and post-judgment interest; and

   f.   Ordering any other and further relief this Honorable Court deems to be just and

proper, including but not limited to relief in favor of all others similarly situated

who join this action after notice.


Respectfully Submitted on this <u>30th</u> day of October, 2019.


                                      Pike & Lustig, LLP
<u>*/s/ Daniel Lustig*</u>
**Daniel Lustig**
Florida Bar No.: 059225
**Robert C. Johnson**
Florida Bar No.: 116419
1209 N. Olive Ave.
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
Email:  pleadings@pikelustig.com
*Counsel for Plaintiff*